UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JENNIFER L. MCALLISTER, et al.,<br><br>　　　　　　Defendants. | No.  2:15-cv-00300-TLN-AC<br><br><br>ORDER |

   This matter is before the undersigned pursuant to Local Rule 302(c)(21). Defendants Jennifer L. McAllister and Daniel K. McAllister removed this case from Sutter County Superior Court on February 5, 2015. ECF No. 1. On February 9, 2015, plaintiff filed a motion styled as an ex parte motion to remand, arguing that the court does not have subject matter jurisdiction over this matter. ECF No. 3 at 4. Plaintiff's motion also alleges that defendants' removal of this matter was untimely. Id. at 3. Plaintiff served its motion upon defendants, id. at 6, but did not notice a hearing before the undersigned.

   Eastern District of California Local Rule 230 requires that a moving party file and serve moving papers, and set a hearing date not less than 28 days after service and filing of the motion. An ex parte application is an exception to the notice procedure. See White v. Cinemark USA Inc., No. Civ. S 04 397 GEB KJM, 2005 WL 3890635, at * 1 (E.D. Cal. Apr. 27, 2005). The court in White elaborated:

1

> [N]oticed motions should be the rule and not the exception. Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved. In effect, they put the applicant "ahead of the pack," without cause or justification. Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have, and should not be used as a way to "cut in line" ahead of those litigants awaiting determination of their properly noticed and timely filed motions.

Id. (citing In re Intermagnetics America, Inc., 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989)); see also Philo v. Gamestop Corp., No. 2:11–cv–03135 GEB KJN, 2012 WL 1521756, at * 1 (E.D. Cal. Apr. 9, 2012) ("Plaintiff fails to explain why he could not have made the arguments he now makes earlier in the case in a duly noticed manner.").

Accordingly, an ex parte application should address why the regular noticed motion procedures must be bypassed. See Mission Power Engineering Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). It also must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. Id. The reasons stated must be supported by deposition transcripts or by affidavits or declarations whose contents would be admissible if the deponents, affiants, or declarants were testifying in court; a statement "on information and belief" by the lawyer preparing the papers is insufficient. Id. at 492.

Here, plaintiff fails to address, much less sufficiently support, the need for an ex parte application. Plaintiff's application simply never addresses the fact that its motion is not properly noticed. Accordingly, the court finds that plaintiff has not established ex parte procedures are proper.

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. Plaintiff's ex parte motion to remand, ECF No. 3, is DENIED; and

////

////

2. Plaintiff is directed to file a properly noticed motion for remand within fourteen (14) days of the service of this order in accordance with Local Rule 230.

DATED: February 17, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE