1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BANK OF NEW YORK MELLON,                No.  2:15-cv-00300-TLN-AC

12             Plaintiff,

13        v.                                 FINDINGS & RECOMMENDATIONS

14   JENNIFER L. MCALLISTER, et al.,

15             Defendants.

16

17        This action was referred to the undersigned pursuant to Local Rule 302(c)(21).  On

18   February 5, 2015, defendants removed this matter from Sutter County Superior Court.  ECF No.

19   1.  On February 9, 2015, plaintiff filed a self-styled ex parte motion to remand arguing the court

20   lacks subject matter jurisdiction over this matter.  ECF No. 3.  On February 18, 2015, the court

21   denied plaintiff's motion with instructions to re-file in accordance with Local Rule 230.  ECF No.

22   6.  On February 20, 2015, plaintiff filed a properly noticed motion to remand.  ECF No. 7.  On

23   March 12, 2015, plaintiff filed a notice with the court that defendants had failed to file a timely

24   opposition.  ECF No. 10.  On March 27, 2015, the court vacated the April 1, 2015, hearing set for

25   plaintiff's motion to remand and, in light of defendants' failure to file an opposition, submitted

26   the motion on the record.  ECF No. 11.

27        Local Rule 230(c) provides that opposition to the granting of a motion must be filed

28   fourteen (14) days preceding the noticed hearing date.  The Rule further provides that "[n]o party

                                          1

1    will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the

2    motion has not been timely filed by that party."  Defendants have not filed an opposition to

3    plaintiff's motion to remand.  Defendants' failure to oppose will therefore be deemed a waiver of

4    opposition to the granting of the motion.  Accordingly, plaintiff's motion to remand will be

5    granted.[1]

6            Even if defendants had timely opposed remand, the court finds this case should be

7    remanded for lack of subject matter jurisdiction.  Courts "strictly construe the removal statute

8    against removal jurisdiction," and "the defendant always has the burden of establishing that

9    removal is proper."  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).  Furthermore,

10   "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

11   <u>Id.</u>  Removal is proper only if the court could have exercised jurisdiction over the action had it

12   originally been filed in federal court.  <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

13   The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

14   complaint rule,' which provides that federal jurisdiction exists only when a federal question is

15   presented on the face of the plaintiff's properly pleaded complaint."  <u>Id.</u>

16           Attached to the Notice of Removal is a copy of the complaint filed by plaintiff in Sutter

17   County Superior Court.  ECF No. 1 at 8–11.  The complaint contains a single claim for unlawful

18   detainer.  <u>Id.</u>  In defendants' removal notice, they assert that federal question jurisdiction exists

19   because plaintiff has violated the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. §

20   5201.  <u>Id.</u> at 3.  Specifically, defendants allege that plaintiff failed to comply with the act's ninety

21   (90) day notice requirement of any proposed eviction.  <u>Id.</u>

22           Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-

23

24   _____

     [1]  Case law is in accord that a district court may impose sanctions, including involuntary dismissal
     of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to

25   prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil
     Procedure, or the court's local rules.  <u>See, e.g.</u>, <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44

26   (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute");
     <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005)

27   (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua
     sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the

28   court's orders).

1   party claim raising a federal question, whether filed in state or federal court.  See Vaden v.

2   Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042–43 (9th

3   Cir. 2009); Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998);

4   Preciado v. Ocwen Loan Servicing, 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l

5   Mortg. Ass'n. v. Bridgeman, 2010 WL 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint

6   indicates that the only cause of action is one for unlawful detainer, which arises under state law

7   and not under federal law.  Thus, this action does not arise under federal law, and jurisdiction

8   under 28 U.S.C. § 1331 does not exist.

9       Accordingly, THE COURT HEREBY RECOMMENDS that plaintiff's motion to remand,

10  ECF No. 7, be GRANTED and this action be remanded to Sutter County Superior Court.

11      These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  Any response to the objections shall be filed and served within

16  fourteen days after service of the objections.  Failure to file objections within the specified time

17  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

18  Cir. 1991).

19  DATED:  April 6, 2015

20

21  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

3